The **JUNIOR COLLEGE DISTRICT OF METROPOLITAN KANSAS CITY, Missouri, James W. Stephens, William L. Cassell, Reed B. Kenagy, Jr., Robert P. Lyons, Anna K. Wasson, Gwendolyn M. Wells, and Linda L. Coulson, Plaintiffs-Respondents,**

v.

**Harold B. MAYSE, Jr., Betty M. Mayse, Hazel F. Buckley, Cora C. Miller, Esther E. Brown, Margaret J. Yonke, Edythe P. Lynn, Victoria Ramirez, and Albert B. Thaxter, Defendants-Appellants.**

No. 25205.

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

Motion for Transfer to Supreme Court Denied Oct. 6, 1969.

Cleo H. Muller, Muller & Muller, Kansas City, Hendren & Andrae, Jefferson City, for petitioners.

George B. Scott, Jr., and John D. Henson, Poplar Bluff, for Three Rivers Jr. College of Poplar Bluff.

Dietrich, Tyler, Davis, Burrell & Discus, Wm. J. Burrell, Clarence H. Discus, Arlyn D. Haxton, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiffs filed their petition in Circuit Court praying for a declaratory judgment on the issue of whether a Junior College District in Missouri, organized under the provisions of Section 178.770–178.890, Supplement-RSMo 1967, may be dissolved upon petition by defendants under the provisions of Section 162.451, Supplement-RSMo 1967. After trial of the issues the court held that said sections of the statutes do not authorize such procedure. Defendants appealed to the Supreme Court. That court transferred the cause to us on jurisdictional grounds.

Plaintiffs alleged, in their petition, among other things, as follows:

"1. Plaintiff, The Junior College District of Metropolitan Kansas City, Missouri, is a junior college district organized and existing pursuant to Chapter 178 of the Revised Statutes of Missouri; plaintiffs James W. Stephens, William L. Cassell, Reed B. Kenagy, Jr., Robert P. Lyons, Anna K. Wasson, and Gwendolyn M. Wells are citizens and residents of the State of Missouri, and are members of the Board of Trustees of said Junior College district and, as such, said plaintiffs are charged with the conduct of the affairs and business of the said Junior College district; plaintiff Linda L. Coulson is a citizen and resident of the State of Missouri and is Secretary of said Board of Trustees and in such capacity is charged with the duty of receiving declarations of candidacy for the office of trustee and performing certain other duties with respect to elections".

In the second paragraph they allege that the named defendants are sued individually and as representatives of Classes of persons similarly situated.

It is also alleged that the parties named as defendants are citizens of Missouri, residents of said Junior College District, are members of a Class of persons consisting of at least one-hundred voters who have signed petitions seeking an election for the purpose of dissolving said Junior College District, that some of said defendants circulated said petitions and solicited others to sign same, and that they are representative of absent members of said class.

It is the contention of defendants that a Junior College District may be dissolved, under authority of Section 178.770 Supplement-RSMo 1967, as provided in Section 162.451, Supplement-RSMo 1967. They admit that there are no provisions for such dissolution "to be expressly found" in the statutes respecting Junior Colleges.

Section 162.451, provides as follows:

"Upon petition of at least one hundred resident voters and taxpayers of the district, filed with the board, the proposition of dissolving a six-director district shall be submitted to a vote of the qualified electors at the annual school election and if two-thirds of the voters and taxpayers present and voting thereon vote in favor of dissolution, the district shall be dissolved and the same territory included in the district may be reorganized as provided by law. Notice of the proposition to be submitted shall be given in the manner provided by section 162.061 prior to the annual school election so as to give the voters reasonable notice there-

of and the election shall be conducted in all respects as provided in section 162.-371."

Section 178.770, provides in pertinent part, as follows:

"2. When a district is organized, it shall be a body corporate and a subdivision of the state of Missouri and shall be known as 'The Junior College District of _____, Missouri' and, in that name, may sue and be sued, levy and collect taxes within the limitations of sections 178.770 to 178.890, issue bonds *and possess the same corporate powers as common and six-director school districts in this state,* other than urban districts, except as herein otherwise provided." (Emphasis ours.)

Defendants contend that, by reason of the emphasized language found in Section 178.770, supra, one-hundred qualified voters of the district may file a petition with the Board of Trustees requesting that an election be held at which the question of dissolution of the district shall be determined by the voters voting at said election, as provided in Section 162.451, supra. On what theory such reasoning rests it is difficult to say. Certainly the language used in Section 178.770 does not directly authorize the holding of a dissolution election at any time. It only declares that Junior College districts shall have and exercise certain named *specific powers,* "and possess the same *corporate* powers as six-director school districts * * *". (Emphasis ours.) The specific powers named do not include the holding of a dissolution election. That is clear.

In Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 13 S.W.2d 628, 638, it was said that one of the cardinal rules of statutory construction is that words in common use are to be construed in their natural, plain and ordinary signification and acceptation. Section 1.090, RSMo 1959, V.A.M.S., provides that words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.

In construing a statute, ascertainment of the intent of the legislature is the goal. If the language is clear and unambiguous, it is unnecessary to resort to rules of construction. If the statute to be construed contains an enumeration of specific items, (as is true here) followed by general terms, the rule of *ejusdem generis* may be applied *to determine the meaning of the general* terms. That rule is defined in McClaren v. G. S. Robins & Co., 349 Mo. 653, 162 S.W. 2d 856, 858, as follows:

"The ejusdem generis rule is that where a statute contains general words only, such general words are to receive a general construction, but, where it enumerates particular classes or things, followed by general words, the general words so used will be applicable only to things of the same general character as those which are specified."

In Section 178.770 it is provided "and, in that name, may sue and be sued, levy and collect taxes * * * issue *bonds* and *possess the same corporate powers* as common and six-director districts * * *. (Emphasis ours). The specific powers named are those necessary in order to carry out the purpose of the junior college's existence. If such powers were not granted, the institution would be stillborn and never have the breath of life infused into it. It would be a lifeless, inert thing. Those powers are exercised under the "directors", as they are commonly known in corporations—trustees in the case of junior colleges. All of the *specific* powers granted were aimed at continuing the active life of the corporation. None provided for its legal death by "dissolution". Under the *rule of ejusdem generis, as applied here,* we cannot believe that the legislature made *any* provision for dissolution of an organized junior college. To have done so would have been relatively simple.

If the legislature had intended to so provide, we are persuaded that it would have done so in positive language similar to that used in Section 162.451, supra. Since it did not do so, we believe it did not intend to do so.

There was testimony to the effect that eight school districts within the area of Metropolitan Kansas City are included in this Junior College District. The 1960 census indicated a total population of 655,000 people. It is common knowledge in Kansas City that the district has voted bonds and has acquired at least three tracts of land upon which school campuses are to be established. The first step under the statutes that had to be taken in order to establish this district was the procurement of the signatures of 5% of the total votes cast for director at the last election, in each of the eight districts forming the territory so organized. It is incredible that the legislature intended to permit one-hundred voters at large to force a dissolution election, with all of the expense involved.

Furthermore, if dissolution were voted, what would be done about the bonded indebtedness? What disposition would be made of the land and other accumulated property? And when would a dissolution election be held? Such elections may be held in six-director districts at the time of annual school elections. But there are no annual elections provided for by statute in Junior College districts. If we should hold that Junior College districts may be dissolved under the authority of the two Sections of the statute herein quoted, either this court or some other court would be required to write an extensive "directive" giving the answer to these and other questions. Schools should not be regulated by court "directive". These matters fall within the legislative field. This court has consistently held that it cannot and will not legislate under the guise of construction of statutes. In State ex rel. Consolidated School District et al. v. Smith, State Auditor, 343 Mo. 288, 121 S.W.2d 160, 162, it was said:

"* * *

"[2, 3] It has long been the rule in this state, and generally throughout the country, that the power of the legislature in the creation of public corporations (which term includes school districts) is absolute except where limited by the constitution. The legislature may also change, divide, consolidate and abolish them as the public welfare demands. * * *."

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.